Cupka v Remik Holdings LLC (2022 NY Slip Op 00812)





Cupka v Remik Holdings LLC


2022 NY Slip Op 00812


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 159054/18 Appeal No. 15250-15250A Case No. 2021-01865, 2021-01868 

[*1]Dorothy Cupka et al., Plaintiffs-Appellants,
v
Remik Holdings LLC, Defendant-Respondent.


Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellants.
Warshaw Burstein LLP, New York (Maxwell Breed of counsel), for respondent.



Order Supreme Court, New York County (Lynn R. Kotler, J.), entered April 30, 2020, which denied plaintiffs' motion for class certification and other relief, unanimously modified, on the law, to grant plaintiffs' request to amend the caption to correct the spelling of a plaintiff's name, and otherwise affirmed, without costs. Order, same court and Justice, entered December 9, 2020, which to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to renew their class certification motion, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion for class action certification granted.
This rent overcharge action brought by residential tenants is premised on allegations that defendant-landlord unlawfully deregulated apartments while receiving J-51 benefits. Plaintiffs moved for class certification and other relief, submitting, as relevant here, their amended complaint, which was verified by two plaintiffs and thus, should have been considered as an affidavit from those plaintiffs (CPLR 102[u]). Plaintiffs also submitted defendants' tax bills from the New York City Department of Finance showing that defendants received J-51 benefits between 2014 and 2018 and that only 8 of 100 apartments were registered as rent-regulated in 2017 and 2018. Plaintiffs did not submit separate affidavits until their renewal motion.
Class certification was improperly denied. The determination of whether plaintiffs have a cause that may be asserted as a class action turns on the application of CPLR 901. That section provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all" where five factors — sometimes characterized "as numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d 499, 508 [2010]) — are met (CPLR 901[a][1]-[5]; see also Maddicks v Big City Props., LLC, 34 NY3d 116, 123 [2019]). The party seeking class certification has the burden of establishing the prerequisites of CPLR 901(a) and thus establishing entitlement to certification (see id.).
Here, plaintiffs met their burden of demonstrating the prerequisites for class action certification under CPLR 901 and 902. Contrary to the motion court's determination, plaintiffs established numerosity and typicality in their initial motion for class certification. The allegations in the amended complaint taken with the DOF tax bills showed that by June 2017, only 8 of 100 apartments were registered as rent-stabilized. In a similar J-51 rent overcharge action (Montera v KMR Amsterdam LLC, 193 AD3d 102, 109 [1st Dept 2021]), this Court held that similar bills were sufficient to establish numerosity, i.e., the number of deregulated units. As to typicality, the predominant legal question involves one that applies to the entire class—whether defendant unlawfully deregulated rent-stabilized apartments while receiving J-51 real estate [*2]tax abatement benefits.
Finally, while plaintiff did not submit their own affidavits with their initial motion for certification, plaintiffs did submit such affidavits in support of their renewal motion, which indicate that plaintiffs possess an "adequate understanding of the case" to enable them to serve as class representatives (Rollin v Frankel & Co., 290 AD2d 368, 369 [1st Dept 2002]). Plaintiffs were not precluded from making successive motions for class certification, particularly where the motion was intended to rectify the deficiencies in the initial motion (see Ackerman v Price Waterhouse, 252 AD2d 179, 191 [1st Dept 1998]).
Plaintiffs' request to amend the caption to correct the spelling of a plaintiff's name should have been granted as defendant did not oppose that request and there was no apparent prejudice to defendant (see CPLR 2101[f]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022